1  Mitchell D. Gliner
   Nevada Bar No. 3419
2  MITCHELL D. GLINER, ATTORNEY AT LAW
   3017 West Charleston Blvd., Suite 95
3  Las Vegas, Nevada 89102
   Telephone: (702) 870-8700
4
   Michael A. Caddell, *pro hac vice pending*
5  (mac@caddellchapman.com)
   Cynthia B. Chapman, *pro hac vice pending*
6  (cbc@caddellchapman.com)
   Craig C. Marchiando, *pro hac vice pending*
7  (ccm@caddellchapman.com)
   CADDELL & CHAPMAN
8  1331 Lamar, Suite 1070
   Houston, TX  77010
9  Telephone:  (713) 751-0400
   Facsimile:  (713) 751-0906
10
   Leonard A. Bennett, *pro hac vice pending*
11 Matthew J. Erausquin, *pro hac vice pending*
   CONSUMER LITIGATION ASSOCIATES P.C.
12 12515 Warwick Boulevard, Suite 100
   Newport News, VA 23606
13 Telephone: (757) 930-3660

14 *Attorneys for Plaintiffs*

15              UNITED STATES DISTRICT COURT

16                  DISTRICT OF NEVADA

| | |
|---|---|
| 17 **WELTONIA HARRIS, individually and on behalf of all others similarly situated,** | **CIVIL ACTION NO. _____** |
| 18 | |
| 19 **Plaintiff,** | |
| 20 v. | **PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT** |
| 21 **U.S. PHYSICAL THERAPY, INC.,** | |
| 22 **Defendant.** | |

23

24      COMES NOW, Plaintiff, WELTONIA HARRIS, individually and on behalf of all others

25 similarly situated, by and through her attorneys of record, and for their causes of action against

26 the Defendant alleges as follows:

27

28

## I.   INTRODUCTION

1.     This action is brought under the Federal Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681a-1681x. Harris applied for a job at U.S. Physical Therapy ("USPT") and though conditionally approved for a position. was ultimately denied employment because of information in a consumer report furnished as a background check.  USPT violated the FCRA by its complete failure to comply with its disclosure requirements, including the provision of the subject report to the consumer at a time sufficiently before taking the adverse employment action so that the report's contents could be discussed, disputed, or corrected.

## II.   JURISDICTION

2.     This Court has jurisdiction under the FCRA. 15 U.S.C. §§1681n and 1681p.

## III.   VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b) as USPT, a Nevada corporation, can be found in this District.

## IV.   PARTIES

4.     Weltonia Harris is a "consumer" as protected and governed by the FCRA.

5.     USPT is a Nevada corporation doing business throughout the United States. At all times relevant hereto, it was a "user" of the consumer report of Harris, as defined and governed by the FCRA.

## V.   FACTUAL BACKRGOUND AND ALLEGATIONS

6.     At all times relevant hereto DCI Resources, Inc. ("DCI") was a "consumer reporting agency" as governed by the FCRA.  During the relevant time DCI was regularly engaged in the business of assembling. evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

PLAINTIFF'S COMPLAINT

7.   USPT operates approximately 372 outpatient physical and/or occupational therapy clinics in 43 states.  Its focus is providing post-operative care for a variety of orthopedic-related disorders and sports-related injuries, treatment for neurologically-related injuries, rehabilitation of injured workers, and preventative care.  In addition to owning and operating clinics, USPT manages several physical therapy facilities for third parties, including physician groups.

8.   In 2009, Harris secured, through a temporary agency, a position as a temporary file clerk/receptionist at USPT.

9.   On November 4, 2009, Harris saw a posting on USPT's website for an opening as a data entry rep.  She applied for the position through the website posting on that same day.

10.   Harris was thereafter interviewed and then informed verbally offered the position with a tentative start date of November 30, 2009.  All that remained was for USPT to check Harris's consumer report.

11.   USPT then provided Harris a form regarding USPT's right to obtain Harris's consumer report, which she completed, although the form contained no statement of Harris's rights in such regard.

12.   Harris had a previous repossession in her credit report and was concerned that this would impact USPT's decision to fire her for the date entry position.  She raised this issue with USPT and was told on at least two occasions that it should not prevent her employment.

13.   Thereafter and on her way home from the interview, Harris received a voicemail message from USPT verbally confirming a tentative start date of November 30, 2009.

14.   However, at around 4:30 that same day, USPT again called Harris, informed her that it had now accessed her consumer report and stated to Harris that USPT would not employ her because of the repossession and debt load in her consumer report.

15.   That night, Harris emailed USPT to verify and confirm these facts.

PLAINTIFF'S COMPLAINT

16.     The next day, November 18, a USPT management employee responded to Harris's email and confirmed that USPT would not employ Harris because of her credit history.  USPT did not provide Harris with any documentation during any of these communications.

17.     The following week, on November 24, Harris emailed and spoke with several individuals at USPT and requested a copy of the credit report used in making the decision not to hire her.

18.     On November 25, Harris received a Federal Express package (dated November 24) that contained a notice of adverse action (which was undated), a summary of her rights under the FCRA, and a copy of her credit report (dated November 17).

19.     All of this information arrived, of course, one week *after* USPT decided not to hire Harris based on her credit history and *only* after Harris made multiple requests to USPT for the information.

20.     Thus, USPT denied Harris's employment application without providing her any advance notice that it was going to take that adverse action, without providing her with a copy of the credit report, and without providing her with a summary of her rights under the FCRA.

21.     Upon information and belief, it is USPT's standard hiring practice to rely on credit checks and consumer reports and, when the results are unsatisfactory, to fire or refuse to hire people on the spot without giving them any advance notice of the adverse action, without first providing them with a copy of their report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

22.     As a result of these FCRA violations, USPT is liable to Harris and to each FCRA Class Member (as defined below) for:  (1) statutory damages of between $100 and $1,000, per violation, pursuant to 15 U.S.C. § 1681n(a)(1)(A); (2) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (3) attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

PLAINTIFF'S COMPLAINT

23.     Harris and the FCRA Class Members are also entitled to equitable and/or declaratory relief against USPT requiring its compliance with the FCRA in all future instances and/or re-employment of Harris, and enjoining its future violations of the FCRA.

## VI.     CLASS ACTION ALLEGATIONS

24.     **The FCRA Class.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of USPT residing in the United States (including all territories and other political subdivisions of the United States) who, starting two years prior to the filing of this action and through the date this Court certifies this as a class, (a) were the subject of a consumer report which was used by USPT, (b) to make an employment decision regarding such employee or prospective employee, and (c) for whom USPT failed to first provide the employee or prospective employee with a copy of the consumer report and/or a copy of the summary of the consumer's rights under the FCRA before taking an adverse action against that employee or prospective employee.

> Excluded from the Class is Defendant, any entity in which Defendant has a controlling interest, any employees, officers, directors of Defendant, and any legal representatives, heirs, successors, and assignees of Defendant, and any judge assigned to hear this action.

25.     **Numerosity.**   The Class members are so numerous that joinder of all is impractical.   FED. R. CIV. P. 23(a)(1).   The names and addresses of the Class Members are identifiable through documents maintained by USPT, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

26.     **Predominance.**  Common questions of law and fact exist as to all members of the Class.  FED. R. CIV. P. 23(a)(2).  These questions predominate over the questions affecting only individual members.  These common legal and factual questions include, among other things:

a.     Whether USPT provides a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof;

- 4 -

b.      Whether USPT provides a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee;

c.      Whether USPT willfully (recklessly and/or knowingly) adopted the above alleged procedures or committed a violation of the FCRA in disregard of the rights of the consumer;

d.      Whether USPT's conduct constituted violations of FCRA, 15 U.S.C. § 1681b; and

e.      What is the appropriate amount of statutory and punitives damages under the FCRA for each such violation.

27.     **Typicality.**  Harris's claims are typical of the claims of each Class member.  FED. R. CIV. P. 23(a)(3).  Harris seeks only statutory and punitive damages, so the focus of the jury will be on USPT's conduct, not Harris's individual or actual damages.  In addition, Harris is entitled to relief under the same causes of action as the other members of the Class.

28.     **Adequacy.**  Harris is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously.  FED. R. CIV. P. 23(a)(4).  The interests of members of the Class will be fairly and adequately protected by Harris and her Counsel.

29.     **Superiority.**  Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).  The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by

USPT's conduct.  It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation. it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by USPT's conduct.  By contrast, the class-action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

30.   **Relief Appropriate for the Class.**  Class treatment is appropriate because USPT has acted on grounds generally applicable to the Class, making appropriate equitable and/or declaratory relief with respect to Plaintiff and the Class Members.  FED. R. CIV. P. 23(b)(2).

### VII.   CAUSES OF ACTION

### Count One:  Violation of FCRA § 1681b(b)(3)(A)(i)

31.   Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32.   USPT willfully violated the FCRA. 15 U.S.C. § 1681b(b)(3)(A)(i), because it failed to provide a copy of the background check to Harris and similarly situated Class Members before taking the adverse action that was based in whole or in part on that report.

33.   Plaintiff seeks statutory actual damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

34.   Plaintiff also seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

## Count Two:  Violation of FCRA § 1681b(b)(3)(A)(ii)

35.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36.     USPT willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(ii), because it failed to provide Harris and similarly situated Class Members with a summary description in writing of the consumer's rights under the FCRA before taking the adverse action.

37.     Plaintiff seeks statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

38.     Plaintiff seeks punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

39.     Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1.     An order certifying the proposed FCRA classes herein under Federal Rule 23 and appointing Plaintiff and her undersigned counsel of record to represent same;

2.     The creation of a common fund available to provide notice of and remedy USPT's FCRA violations;

3.     Statutory and punitive damages;

4.     Appropriate equitable and/or declaratory relief as pleaded;

5.     Attorneys' fees, expenses, and costs;

6.     Pre- and post-judgment interest as provided by law; and

7.     Such other relief the Court deems just, equitable, and proper under the circumstances.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

_/s/ Mitchell D. Gliner_____
Mitchell D. Gliner
Nevada Bar No. 3419
MITCHELL D. GLINER, ATTORNEY AT LAW
3017 West Charleston Blvd., Suite 95
Las Vegas, Nevada 89102
Telephone: (702) 870-8700

Michael A. Caddell, *pro hac vice pending*
Cynthia B. Chapman, *pro hac vice pending*
Craig C. Marchiando, *pro hac vice pending*
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX  77010-3027
(713) 751-0400 Telephone

Leonard A. Bennett, *pro hac vice pending*
Matthew J. Erausquin, *pro hac vice pending*
CONSUMER LITIGATION ASSOCIATES
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
Telephone: (757) 930-3660

*Attorneys for Plaintiffs*

- 8 -

PLAINTIFF'S COMPLAINT