ALVERSON TAYLOR MORTENSEN & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117
Telephone: 702-384-7000
Facsimile: 702-385-7000

SEDGWICK, DETERT, MORAN & ARNOLD LLP
WAYNE B. MASON, ESQ., *pro hac vice to be submitted*
(wayne.mason@sdma.com)
DAWN SHAWGER MCCORD, ESQ., *pro hac vice to be submitted*
(dawn.mccord@sdma.com)
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
Attorneys for Defendant,
U.S. Physical Therapy, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELTONIA HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. PHYSICAL THERAPY, INC.,<br><br>Defendant. | Case No. 2:10-cv-1508-JCM-LRL<br><br>**U.S. PHYSICAL THERAPY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT** |

COMES NOW, Defendant U.S. PHYSICAL THERAPY, INC. ("USPT"), by counsel, for its answer to Plaintiff's Original Class Action Complaint ("Complaint") and states as follows:

### I. INTRODUCTION

1.  USPT admits that this action is purportedly brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. USPT denies the remaining allegations in Paragraph 1 of the Complaint.

1

19003-JBO

## II. JURISDICTION

2. USPT admits the allegations contained in Paragraph 2 of the Complaint.

## III. VENUE

3. USPT denies the allegations in Paragraph 3 of the Complaint.

## IV. PARTIES

4. USPT admits the allegations contained in Paragraph 4 of the Complaint.

5. USPT admits it is a Nevada Corporation. The remaining allegations of Paragraph 5 state conclusions of law and no response it required. To the extent a response is required, USPT denies the remaining allegations in Paragraph 5.

## V. FACTUAL BACKGROUND AND ALLEGATIONS

6. USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. USPT admits the allegations in Paragraph 7.

8. USPT denies the allegations in Paragraph 8.

9. USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 of the Complaint. USPT denies the remaining allegations in Paragraph 9.

10. USPT denies the allegations in Paragraph 10.

11. USPT denies the allegations in Paragraph 11.

12. USPT denies the allegations in Paragraph 12.

13. USPT denies the allegations in Paragraph 13.

14. USPT denies the allegations in Paragraph 14.

15. USPT denies the allegations in Paragraph 15.

16. USPT denies the allegations in Paragraph 16.

17. USPT denies the allegations in Paragraph 17.

18. USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19003-JBO

19.    USPT denies the allegations in Paragraph 19.

20.    USPT denies the allegations in Paragraph 20.

21.    USPT denies the allegations in Paragraph 21.

22.    USPT denies the allegations in Paragraph 22.

23.    USPT denies the allegations in Paragraph 23.

## VI.  CLASS ACTION ALLEGATIONS

24.    USPT admits that Plaintiff purports to bring this action on behalf of herself and the proposed class described in paragraph 24.  USPT denies any remaining allegations in Paragraph 24.

25.    USPT denies the allegations in Paragraph 25.

26.    USPT denies the allegations in Paragraph 26, including subparts a-e.

27.    USPT denies the allegations in Paragraph 27.

28.    USPT denies the allegations in Paragraph 28.

29.    USPT denies the allegations in Paragraph 29.

30.    USPT denies the allegations in Paragraph 30.

## VII.  CAUSES OF ACTION

### Count One:  Violation of FCRA § 1681b(b)(3)(A)(i)

31.    USPT incorporates by reference its responses to Paragraphs 1 through 30.

32.    USPT denies the allegations in Paragraph 32.

33.    USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 33.

34.    USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 34.

### Count Two:  Violation of FCRA § 1681b(b)(3)(A)(ii)

35.    USPT incorporates its answers to Paragraphs 1 through 34.

36.    USPT denies the allegations in Paragraph 36.

19003-JBO

37. USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 37.

38. USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 38.

39. USPT incorporates its answers to Paragraphs 1 through 38.

40. USPT denies that Plaintiff or the putative class members are entitled to any of the requested relief. USPT specifically denies that Plaintiff has suffered, or is entitled to compensation for, any damages. USPT therefore denies that it is liable for the relief requested in the "WHEREFORE" clause of the Complaint, including subparts 1-7.

## PRAYER FOR RELIEF

USPT denies that Plaintiff is entitled to the requested relief.

## GENERAL DENIAL

USPT denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

USPT was not involved in the events made the basis of this suit and therefore is an improper party to this action.

### THIRD DEFENSE

Venue is improper in the United States District Court for District of Nevada. This action should be transferred to another United States District Court of appropriate jurisdiction and venue for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404.

### FOURTH DEFENSE

USPT acted in good faith and without malice or intent to injure Plaintiff.

19003-JBO

### FIFTH DEFENSE

USPT did not willfully violate the FCRA or any other legal requirement.

### SIXTH DEFENSE

USPT's actions were not negligent in any way.

### SEVENTH DEFENSE

Plaintiff lacks standing to sue individually or on behalf of a class of similarly situated persons because they have not sustained any injuries as a result of the conduct alleged in the Complaint and the matter does not present a case or controversy pursuant to Article III of the United States Constitution.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent neither Plaintiff nor any member of the putative class has suffered any actual damages.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent plaintiff's damages, if any, were caused by her own acts or omissions, or other acts or omissions of third parties other than USPT.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her damages.

### ELEVENTH DEFENSE

Some or all of the claims stated in the Complaint, including claims made on behalf of the putative class, are barred by the applicable statute of limitations and/or the doctrine of laches.

### TWELFTH DEFENSE

The Complaint fails to adequately define any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

19003-JBO

### THIRTEENTH DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

### FOURTEENTH DEFENSE

This action should not be maintained as a class action because the class is insufficiently numerous to warrant class treatment and Plaintiff's claims are not typical of the class.

### FIFTEENTH DEFENSE

USPT alleges that any award of punitive damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution due to the lack of any actual damages suffered by the Plaintiff or any member of the putative class. Plaintiff has not stated sufficient facts to support a claim for punitive damages against USPT.

### SIXTEENTH DEFENSE

Plaintiff's claims for punitive damages are unconstitutional because they violate constitutional protections of the United States Constitution. An award of punitive damages in this action would violate the due process rights of Defendant under the Fifth and Fourteenth Amendments to the United States Constitution. An award of punitive damages violates due process to the extent it is based upon harm to individuals other than the plaintiff or conduct that was legal in the place where it occurred.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the claims made in the Complaint are barred by the doctrines of waiver and/or estoppel, including claims made on behalf of the putative class.

### EIGHTEENTH DEFENSE

If and to the extent that Plaintiff's claims, or those of any putative class member, are determined by the Court to require a showing of negligent conduct (rather than a showing of

19003-JBO

intentional conduct), then those claims are barred, in whole or in part, by the negligence of Plaintiff and the members of the putative class.

### NINETEENTH DEFENSE

USPT denies that it proximately caused any of the damages claimed by Plaintiff or members of the putative class.

### TWENTIETH DEFENSE

USPT reserves the right to add any additional defenses of which it learns during discovery.

### PRAYER FOR RELIEF

WHEREFORE, USPT respectfully requests:

(1) that the Court enter judgment in favor of USPT and against Plaintiff on the claims of the Complaint and deny all relief sought by Plaintiff,

(2) that the Court deny certification of any class;

(3) that, in the event a plaintiff class is certified, the Court enter judgment in USPT's favor against all class members;

(4) that the Court award USPT its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(5) that the Court award USPT such other and further relief as this Court deems just and proper.

Dated this 4TH day of October, 2010.

ALVERSON TAYLOR MORTENSEN & SANDERS

JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117

7

19003-JBO

WAYNE B. MASON, ESQ., *pro hac vice to be submitted*
DAWN SHAWGER MCCORD, ESQ., *pro hac vice to be submitted*
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1717 Main Street, Suite 5400
Dallas, TX 75201
Attorneys for Defendant, U.S. Physical Therapy, Inc.

### CERTIFICATE OF SERVICE

I certify that I am an employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS, and that on October 4, 2010, I deposited for mailing at Las Vegas, Nevada, a true and correct copy of the foregoing **U.S. PHYSICAL THERAPY, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT,** in a sealed envelope with the correct postage prepaid thereon, addressed as follows:

Mitchell D. Gliner, Esq.
MITCHELL D. GLINER, ATTORNEY AT LAW
3017 W. Charleston Blvd., Ste. 95
Las Vegas, NV 89102

Michael A. Caddell, PHV pending
Cynthia B. Chapman, PHV pending
Craig C. Marchiando, PHV pending
CADDELL & CHAPMAN
1331 Lamar, Ste. 1070
Houston, TX 77010-3027

Leonard A. Bennett, PHV pending
Matthew J. Erausquin, PHV pending
CONSUMER LITIGATION ASSOCIATES
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606
Attorneys for Plaintiffs

/s/ Julie Ellende
An Employee of Alverson, Taylor, Mortensen & Sanders

N:\jon.grp\z_client\19003\Pleadings\Answer