ALVERSON TAYLOR MORTENSEN & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117
Telephone:  702-384-7000
Facsimile:  702-385-7000
jowens@Alversontaylor.com

SEDGWICK, DETERT, MORAN& ARNOLD LLP
WAYNE B. MASON, ESQ., *pro hac vice pending*
(wayne.mason@sdma.com)
DAWN SHAWGER MCCORD, ESQ., *pro hac vice pending*
(dawn.mccord@sdma.com)
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone:  (469) 227-8200
Facsimile:  (469) 227-8004
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELTONIA HARRIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> U.S. PHYSICAL THERAPY, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:10cv1508-JCM-LRL <br><br> **U.S. PHYSICAL THERAPY, INC.'S FIRST AMENDED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT** |

COMES NOW, Defendant U.S. PHYSICAL THERAPY, INC. ("USPT"), by counsel, for its First Amended Answer to Plaintiff's Original Class Action Complaint ("Complaint") and states as follows:

## I. INTRODUCTION

1.  USPT admits that this action is purportedly brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.  USPT denies the remaining allegations in Paragraph 1 of the Complaint.

## II. JURISDICTION

2.  USPT admits the allegations contained in Paragraph 2 of the Complaint.

### III. VENUE

3.       USPT denies the allegations in Paragraph 3 of the Complaint.

### IV. PARTIES

4.       USPT admits the allegations contained in Paragraph 4 of the Complaint.

5.       USPT admits it is a Nevada Corporation.  The remaining allegations of Paragraph 5 state conclusions of law and no response it required.  To the extent a response is required, USPT denies the remaining allegations in Paragraph 5.

### V.  FACTUAL BACKGROUND AND ALLEGATIONS

6.       USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7.       USPT admits the allegations in Paragraph 7.

8.       USPT denies the allegations in Paragraph 8.

9.       USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 of the Complaint.  USPT denies the remaining allegations in Paragraph 9.

10.      USPT denies the allegations in Paragraph 10.

11.      USPT denies the allegations in Paragraph 11.

12.      USPT denies the allegations in Paragraph 12.

13.      USPT denies the allegations in Paragraph 13.

14.      USPT denies the allegations in Paragraph 14.

15.      USPT denies the allegations in Paragraph 15.

16.      USPT denies the allegations in Paragraph 16.

17.      USPT denies the allegations in Paragraph 17.

18.      USPT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.      USPT denies the allegations in Paragraph 19.

20.      USPT denies the allegations in Paragraph 20.

21.      USPT denies the allegations in Paragraph 21.

22.     USPT denies the allegations in Paragraph 22.

23.     USPT denies the allegations in Paragraph 23.

### VI.  CLASS ACTION ALLEGATIONS

24.     USPT admits that Plaintiff purports to bring this action on behalf of herself and the proposed class described in paragraph 24.  USPT denies any remaining allegations in Paragraph 24.

25.     USPT denies the allegations in Paragraph 25.

26.     USPT denies the allegations in Paragraph 26, including subparts a-e.

27.     USPT denies the allegations in Paragraph 27.

28.     USPT denies the allegations in Paragraph 28.

29.     USPT denies the allegations in Paragraph 29.

30.     USPT denies the allegations in Paragraph 30.

### VII.  CAUSES OF ACTION

### Count One:  Violation of FCRA § 1681b(b)(3)(A)(i)

31.     USPT incorporates by reference its responses to Paragraphs 1 through 30.

32.     USPT denies the allegations in Paragraph 32.

33.     USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 33.

34.     USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 34.

### Count Two:  Violation of FCRA § 1681b(b)(3)(A)(ii)

35.     USPT incorporates its answers to Paragraphs 1 through 34.

36.     USPT denies the allegations in Paragraph 36.

37.     USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 37.

38.     USPT denies that Plaintiff is entitled to recovery of any sum, and therefore denies the allegations in Paragraph 38.

39.     USPT incorporates its answers to Paragraphs 1 through 38.

40.     USPT denies that Plaintiff or the putative class members are entitled to any of the requested relief.  USPT specifically denies that Plaintiff has suffered, or is entitled to compensation for, any damages.  USPT therefore denies that it is liable for the relief requested in the "WHEREFORE" clause of the Complaint, including subparts 1-7.

### VIII. DEFENSES

### FIRST DEFENSE

USPT was not involved in the events made the basis of this suit and therefore is an improper party to this action.  Ms. Harris did not apply for a position with USPT.  USPT did not obtain a consumer report for Ms. Harris.  USPT did not offer Ms. Harris employment, nor did it deny Ms. Harris employment.  As such, it is an improper party to this suit.

### SECOND DEFENSE

Venue is improper in the United States District Court for District of Nevada. This action should be transferred to another United States District Court of appropriate jurisdiction and venue for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404.  USPT, a Nevada Corporation and Plaintiff's only alleged tie to the state, was not involved in the events that gave rise to this suit.  None of the events or omissions giving rise to this claim occurred in Nevada and no potential witnesses in this case are located in Nevada.

### THIRD DEFENSE

Plaintiff lacks standing to sue individually or on behalf of a class of similarly situated persons because they have not sustained any injuries as a result of the conduct alleged in the Complaint and the matter does not present a case or controversy pursuant to Article III of the United States Constitution.

### IX. PRAYER FOR RELIEF

WHEREFORE, USPT respectfully requests:

(1) that the Court enter judgment in favor of USPT and against Plaintiff on the claims of the Complaint and deny all relief sought by Plaintiff,

(2) that the Court deny certification of any class;

(3) that, in the event a plaintiff class is certified, the Court enter judgment in USPT's favor against all class members;

(4) that the Court award USPT its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(5) that the Court award USPT such other and further relief as this Court deems just and proper.

DATED:  October ___, 2010            Respectfully submitted,
                                     ALVERSON TAYLOR MORTENSEN & SANDERS

                                     _____
                                     JONATHAN B. OWENS

                                     WAYNE B. MASON, ESQ., *pro hac vice to be submitted*
                                     DAWN SHAWGER MCCORD, ESQ., *pro hac vice to be submitted*
                                     SEDGWICK, DETERT, MORAN& ARNOLD LLP
                                     1717 Main Street. Suite 5400
                                     Dallas, TX  75201
                                     Attorneys for Defendant, U.S. Physical Therapy, Inc.

### CERTIFICATE OF SERVICE

I certify that I am an employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS, and that on October 22, 2010, I deposited for mailing at Las Vegas, Nevada, a true and correct copy of the foregoing **U.S. PHYSICAL THERAPY, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT,** in a sealed envelope with the correct postage prepaid thereon, addressed as follows:

Mitchell D. Gliner, Esq.
MITCHELL D. GLINER, ATTORNEY AT LAW
3017 W. Charleston Blvd., Ste. 95
Las Vegas, NV  89102

Michael A. Caddell, PHV pending
Cynthia B. Chapman, PHV pending
Craig C. Marchiando, PHV pending
CADDELL & CHAPMAN
1331 Lamar,Ste. 1070
Houston, TX 77010-3027

Leonard A. Bennett, PHV pending
Matthew J. Erausquin, PHV pending
CONSUMER LITIGATION ASSOCIATES
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606
Attorneys for Plaintiffs

An Employee of Alverson, Taylor,
Mortensen & Sanders