ALVERSON TAYLOR MORTENSEN
& SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117
Telephone: 702-384-7000
Facsimile: 702-385-7000

SEDGWICK, DETERT, MORAN & ARNOLD LLP
WAYNE B. MASON, ESQ., *pro hac vice to be submitted*
(wayne.mason@sdma.com)
DAWN SHAWGER MCCORD, ESQ., *pro hac vice to be submitted*
(dawn.mccord@sdma.com)
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
Attorneys for Defendant,
U.S. Physical Therapy, Inc.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WELTONIA HARRIS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> U.S. PHYSICAL THERAPY, INC., <br><br> Defendant. | Case No. 2:10-cv-1508-JCM-LRL |

**STIPULATION AND ORDER FOR PROTECTIVE ORDER**

Plaintiffs and Defendant U.S. Physical Therapy, Inc. ("USPT") by and through their attorneys of record, enter into this Stipulation and Order for Protective Order ("Stipulated Protective Order") attached as Exhibit A in order to facilitate settlement discussions and document disclosures and production under the Local Rules of this Court and the Federal Rules

1

19003-JBO

of Civil Procedure. As grounds therefore, the parties state that documents or information containing confidential, personal, private, proprietary and business information and/or trade secrets are likely to be disclosed or produced during the course of settlement discussions and/or discovery in this litigation. The Parties, by and through their counsel of record, stipulate and agree as follows:

Documents or information containing confidential, personal, private, proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, personal, private, proprietary, and/or trade secret nature of such Confidential Information. In order to protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the Parties have signed, and seek the Court's order confirming, this Stipulation.

It is therefore stipulated that:

1. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below. The party producing Confidential Information shall mark any documents, materials and information entitled to protection as "Confidential" in accordance with the provisions of this Order by affixing a label thereto identifying the documents or materials as Confidential Information, by using the word "Confidential" or similar language such as "Proprietary" or "Subject to Protective Order." The party producing Confidential Information shall ensure that the marking of documents or materials as "Confidential"

19003-JBO

will not obscure or obstruct any information contained on said documents or materials, preserving the legibility of all such documents and materials in their entirety.

2. Protected Documents shall not include (a) materials that on their face show that they have been published to the general public, or (b) documents that have been submitted to any governmental entity without request for confidential treatment.

3. At any time after the delivery of Protected Documents, counsel for the party or parties receiving the Protected Documents may challenge the Confidential designation of all or any portion thereof by providing written notice to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties disclosing or producing the Protected Documents shall have fourteen (14) days from the date of certification to file a motion for protective order with regard to any Protected Documents in dispute. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

19003-JBO

4. Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

5. Protected Documents and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    a. Counsel of record in this action for the party or party receiving Protected Documents or any information contained therein;

    b. Employees of such counsel (including experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

    c. The Court.

6. Protected Documents and any information contained therein shall be used solely for the purpose of this lawsuit and for no other purpose.

7. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

8. To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony, hearing and/or trial testimony referring to the Protected Documents or information contained therein.

9. When a party files Protected Documents, including confidential portions of any transcript, the party shall file them in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order." The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court. The Clerk of the Court is hereby

19003-JBO

directed to maintain such confidential documents, materials, and information in separate portion of the court files and not available to the public. Any documents and materials filed under seal shall remain under seal unless the Court, pursuant to motion by the challenging party, orders that the seal be lifted.

10. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

11. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

12. The party or parties receiving Protected Documents shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

13. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

14. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents (and all copies of such documents including any copies which have been highlighted, annotated or otherwise altered or marked) to the counsel for the party or parties disclosing or producing the Protected Documents. The party or parties receiving the

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

19003-JBO

Protected Documents shall keep their attorney work product which refers or relates to any Protected Documents.

15. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and the use of Protected Documents or contesting the designation of Confidential Information or a Qualified Person.

Dated this 18th day of February, 2011.

ALVERSON TAYLOR MORTENSEN & SANDERS

*/s/ Jonathan B. Owens*
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117

WAYNE B. MASON, ESQ., *pro hac vice to be submitted*
DAWN SHAWGER MCCORD, ESQ., *pro hac vice to be submitted*
SEDGWICK, DETERT, MORAN & ARNOLD LLP
1717 Main Street, Suite 5400
Dallas, TX 75201
Attorneys for Defendant, U.S. Physical Therapy, Inc.

**CONSENTED TO BY:**           MITCHELL D, GLINER, ATTORNEY AT LAW

DATED:  February 17, 2011

*/s/ Mitchell D. Gliner*
MITCHELL D. GLINER, ESQ.
3017 West Charleston Blvd., Suite 95
Las Vegas, Nevada 89102

6

19003-JBO

Michael A. Caddell, *pro hac vice*
Cynthia B. Chapman, *pro hac vice*
Craig C. Marchiando, *pro hac vice*
CADDELL & CHAPMAN
131 Lamar, Ste. 1070
Houston, TX 77010-3027

Leonard A. Bennett, *pro hac vice*
Matthew J. Erausquin, *pro hac vice*
CONSUMER LITIGATION ASSOCIATES
12515 Warwick Blvd. Ste. 100
Newport News, VA 23606

Attorneys for Plaintiffs

### ORDER FOR PROTECTIVE ORDER

IT IS SO ORDERED this 25th day of February, 2011.

_____
U.S. MAGISTRATE JUDGE

Submitted by:
ALVERSON TAYLOR MORTENSEN & SANDERS

*/s/ Jonathan B. Owens*
_____
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
7401 West Charleston Blvd
Las Vegas, NV 89117
Attorneys for Defendant,
U.S. Physical Therapy

19003-JBO